# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

```
DAMARIS JUNE RHODES,           )
                               )
     Plaintiff,                )
                               )
vs.                            )   No. 1:10-CV-269
                               )
DOUGLAS H. SHULMAN, et al.,    )
                               )
     Defendants.               )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Motion to Dismiss, filed by Defendants on September 13, 2010; (2) Motion to Continue, filed by Plaintiff on September 23, 2010; (3) Request Judges' Counsel and to use Discretion Memorandum of Support, filed by Plaintiff on September 23, 2010; and (4) Motion for Case Not to be Dismissed, filed by Plaintiff on October 4, 2010. For the reasons set forth below, the Defendants' Motion to Dismiss is **GRANTED** and each of the Plaintiff's motions are **DENIED.** The Clerk is **ORDERED** to **DISMISS** this case without prejudice.

BACKGROUND

On August 11, 2010, Damaris June Rhodes filed a complaint pursuant to 42 U.S.C. section 1983, naming the following Defendants: (1) Douglas H. Shulman IRS Commissioner, Officially and Individually; (2) David A. Capp (aka) David Capp U.S. Attorney Officially and Individually; (3) Morrell John Berry (aka) John

Berry OPM Director Officially and Individually; and (4) Office of Personal Management (aka) OPM and other named and named past and present officials, representatives, agents, and private consultants of the United States of America.

The complaint is twenty-one pages in length, and includes a variety of allegations. By way of example only, the complaint alleges the following:

(1) That Chief Justice John G. Roberts (a defendant in one of Rhodes' former lawsuits), together with other judges, "are hiding (concealing) their crimes against the American People behind silence <u>Title 28 USC Sec 2403</u> and the ancient unconstitutional doctrine of sovereign immunity. Much U.S. Federal Corp. action has been dismantled in the <u>Baskerville and Foster v. Credit Bank of Wichita, Federal Land Bank, and First Interstate Bank of Fort Collins 1993 (Baskerville Case)</u>." (Complaint at 4-5).

(2) "By unconstitutional legislation, Americans are being separated from the Organic Constitution and Bill of Rights. All crimes committed remove the U.S. Federal Corp. officials so called sovereignty because crime removes sovereignty. Their activity was planned by the banks in the Banker's Manifesto of 1892. This above case continues to unclothe their conduct against WE THE PEOPLE demonstrating the U.S. Federal Corp. only makes the appearance of being our government of, for and by the People is actually our deadly enemy easily proven as in <u>Trading with the Enemy Act Title</u>

50 Sec 1524; Title 42 Sec 2473 (Wars Act) doing daily damage to the People and earth by Chem-trails, vaccinations et al." (Complaint at 5).

(3) That the IRS imposed an unlawful levy against Rhodes' property in the amount of $685.17, but Rhodes also noted that "[t]his is not about the amount or if it is paid or not." (Complaint at 6).

(4) "They are using un-ratified 14th and 16th Amendments to rob the nation is to be proven by Discovery and already provide in the Baskerville Case held secret by Supreme Court gag order." (Complaint at 6).

(5) "By unconstitutional legislation IRS caused damage by Mr. Kimmell bidding for my property for unconstitutional tax is an ever present wrongful act for multitudes of Americans." (Complaint at 7).

(6) "Our Great Law is being slowly eroded and removed by legislation, using HAARP, Home Security, FEMA, CIA, war corporations and Federal agencies and other means using martial law at the location of take over. The Patriot Acts 1:11 and others they are using to defraud the people. I) Our help by a new constitutional Law N.E.S.A.R.A. is daily being withheld by not following lawful publishing procedure by Supreme Court's wrongful acts of unlawful Orders and breaking their Oath of Office to protect U.S. Federal Corp profit and power on the home front and

inter-national New World Order and permitting the Federal Reserve Bank to rule the nation unlawfully." (Complaint at 8)

(7) "<u>Roe v. Wade</u> ruling oversteps the right of the Judges to make law instead of interrupting it according to its original meaning." (Complaint at 8).

(8) "Toxic vaccines MMR, DPT, Avian swine flu shots for H1N1 virus and others are proven to be toxic causes of autism and H1N1 has a 15% death rate in Poland" and "Vaccination is what U.S. Federal Corp. does to their enemy by deciding the American People are their enemy. Vaccine has spiritual connotations contrary to the beliefs of spiritual people." (Complaint at 8-9).

(9) "The CIA has done great damage to the American People within this country such as killing of leaders of integrity and on the international scene such as robbing Nicaragua *et al* which will bring them to war against us." (Complaint at 9).

(10) "Seat belt laws are not for safety but revenue are legalized extortion." (Complaint at 10).

(11) "Unconstitutional laws are being passed so fast to prepare for the annihilation of the nation's People that there isn't enough paper to inform the Court of the needed correction. They are wanting this land to become their wooded area so they can have it all prepared for their comfort after our demise." (Complaint at 10).

Rhodes' request for relief spans from page 13 through 21 of

the complaint, and includes a demand of well in excess of fifty million dollars for a variety of alleged harms. The relief section of the complaint seeks relief for, among other things, "U.S. Federal Corp. threats and acts of terrorism in conjunction with Israel and U.S. Federal Corp. activity on 9/11 and their policies with Palestinian politics false peace talks causing the actual attacks and continual media and Federal terrorist threat is to be stopped." (Complaint at 14). Rhodes also seeks the injunctive relief of "[s]top meddling in other nations affairs by murdering the leaders of other nations *et al.*" (Complaint at 14). The relief section also requests that "Silent Sound Spread Spectrum (SSSS) and Electronic Stalking and Mind Control (ESMC) are not to be used on People anywhere in any way" and "Stop neurotransmitters use for silent war against people." (Complaint at 18).

Defendants seek to dismiss the instant complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and also for lack of standing. The Defendants' provided a notice to Plaintiff explaining the need to respond to the instant motion, and Plaintiff has responded. Defendants indicated that they did not intend to file a reply brief, outside of a short paragraph expressing Defendants' understanding that a filing by Plaintiff titled "motion to continue" is not a request for additional time to do something, but a request to keep the case on the docket. The Plaintiff has confirmed this characterization.

The matter is therefore fully briefed and ripe for adjudication.

DISCUSSION

Standing

Where defendants move to dismiss a case for both failure to state a claim and lack of standing, the Court is obligated to address the standing issue first. "Standing is 'the threshold question in every federal case.'" *American Civil Liberties Union, et. al., v. City of Chicago*, 2009 WL 2409907, *2, No. 75 C 3295 (N.D. Ill. July 31, 2009)(quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A motion to dismiss for lack of standing is considered under Federal Rule of Civil procedure 12(b)(1), which governs dismissal for lack of subject matter jurisdiction. *Id.* Jurisdiction is the "*power* to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When the issue of standing is raised, the plaintiff has the burden of proving that the jurisdiction requirements have been met. *See United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003); *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R.*

*Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Under the United States Constitution, a party must present a valid "case or controversy." U.S. Const. Art. III § 2. The notion of standing is grounded in Article III of the U.S. Constitution, which restricts federal court adjudication to actual cases or controversies. *Allen v. Wright*, 468 U.S. 737, 750 (1984). But "[s]tanding consists of both constitutional requirements, flowing from the Article III limitation on judicial power to 'cases' and 'controversies,' and prudential limitations on the exercise of federal jurisdiction. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 761 (7th Cir. 2008).

A valid case or controversy is demonstrated by clearly alleging facts that he/she is a proper party to invoke judicial resolution of the dispute and it is presumed that federal courts lack jurisdiction unless the contrary appears affirmatively from the record. *Renne v. Geary*, 501 U.S. 312, 316 (1991); *Warth v. Seldin*, 422 U.S. 490, 518 (1975). The "irreducible constitutional minimum of standing" contains three requirements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). First, there must be alleged (and ultimately proved) an "injury in fact", a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Steel v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998). Second, there must be causation - a fairly traceable connection between the

plaintiff's injury and the complained-of conduct of the defendant. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976); *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). And third, there must be redressability - a likelihood that the requested relief will redress the alleged injury. *Simon*, 426 U.S. at 45-46; *Warth*, 422 U.S. at 505. "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co.*, 523 U.S. at 103-04 (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990).

The instant complaint is framed as a class action suit. The assertion that the suit is a class action does not affect this Court's standing analysis. "That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon*, 426 U.S. at 26.

The harms Rhodes complains of are harms that Rhodes believes all citizens are suffering. For example, Rhodes states that "[t]he unconstitutional and illegal tax law and their collection has given the Federal government power to abuse the People and myself in every form possible in agreement with the Banker's Manifesto. It

has deprived me of money, house, business and the nutritional needs for health and comforts of life." (Dismissal Response and Request Case be Continued, at 2). Similarly, Rhodes complains of harm from drinking and bathing in water treated with fluoride. (Dismissal Response and Request Case be Continued, at 7). These broad-reaching harms are not pled with any detail, and are more speculative than concrete. The only actual injury that is pled with any specificity by Rhodes is the imposition of a tax levy, but as to that injury, Rhodes noted that "[t]his is not about the amount or if it is paid or not." (Complaint at 6). It appears that Rhodes does not intend this suit to be an attack on the imposition of the tax levy, but an attack of the general principals of law that would allow such a levy, and many other laws as well. The harms Rhodes complains of are both hypothetical and conjectural, and are not the sorts of actual or imminent injuries that result in standing. Rhodes wholly fails to address a traceable connection between the harms alleged and the acts of the Defendants. And, the harms Rhodes alleges can not be redressed by this court.

Even if Rhodes had demonstrated the constitutional minimum requirements for standing, prudential principles of standing would bar Rhodes' claim. Prudential principles bar "adjudication of generalized grievances more appropriately addressed in the representative branches." *See Allen v. Wright*, 468 U.S. 737, 751

(1984); *see also Warth*, 422 U.S. at 499 ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Rhodes is attempting to sue based on general harm to the public, not specific harm to her. Rhodes' critiques of law and society are better addressed to the legislature than this Court.

Having found that Rhodes lacks standing, this Court must now address whether the dismissal of Rhodes' claims should be with or without prejudice. The Defendants suggests in one of their headings that the dismissal should be with prejudice, but offers little to support this suggestion. This Court's research suggests that dismissal without prejudice is more appropriate, as a dismissal pursuant to Rule 12(b)(1) is not an adjudication on the merits. *See Winslow v. Walters*, 815 F.2d 1114 (7th Cir. 1987)("[A] ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction."); *see also University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) ("A dismissal for lack of standing is jurisdictional and is not an adjudication on the merits.").

Failure to State a Claim

Because this Court has determined that standing is lacking, it need not consider the Defendants arguments pursuant to Federal Rule of Civil Procedure 12(b)(6). In fact, because this Court lacks jurisdiction, to do so would be inappropriate. *See Yellowtail v. Little Horn State Bank*, 828 F.Supp. 780, 783 (D. Mont. 1992)(Standing is "a threshold test that must be satisfied . . . even before considering whether the plaintiff has adequately pled a federal cause of action.").

CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss is **GRANTED** and the Plaintiff's motions are **DENIED.** The Clerk is **ORDERED** to **DISMISS** this case without prejudice.

**DATED: November 30, 2010**     /s/ RUDY LOZANO, Judge
                                 **United States District Court**